# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **ALEXANDER ASSOCIATES, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:12-CV-10226 |
| ) | Honorable Robert H. Cleland |
| **WHIRLAWAY CORP.,** ) | Magistrate Judge Mona K. Majzoub |
| ) | |
| Defendant. ) | |

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
RANDALL J. GILLARY, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Road, Ste. 1020
Troy, MI 48084
(248) 528-0440

Patrick McLain (P25458)
Daniel J. Ferris (P69633)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Defendant
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200

Allan V. Hallquist
Michael T. Crabb
HUSCH BLACKWELL LLP
Attorneys for Defendant
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order is hereby entered by the Court. A protective order is appropriate in this matter because the parties are likely to engage in discovery that may require the production of sensitive confidential information that should not be revealed in a manner other than contemplated by a protective order. Specifically, this matter involves the sale of parts and products to third-party customers in

a competitive industry. The very nature of these causes of action may require the exchange of information that the producing party believes should be protected from public dissemination. For the foregoing reasons, a protective order is appropriate pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes documents and things which are designated by the producing party as "Confidential Information" in accordance with this Protective Order which may include, without limitation, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, the "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have ten (10) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within such ten (10) calendar day period (during which period, the transcript shall be treated as Confidential Information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in

writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have seven (7) calendar days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this seven (7) calendar day time frame, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect, and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information may not be used under any circumstances for any other purpose. The provisions of any mutually agreed-upon "clawback" agreement relating to the inadvertent disclosure of privileged information shall apply in all cases governed by this Protective Order.

7. Subject to paragraph 8 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions;

{36003/1/DT690348.DOC;1}  4

(b) in-house counsel; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents. Confidential Information may be also disclosed by the receiving party to Court personnel and any mediator agreed to by the parties or appointed by the Court.

8. Prior to disclosing Confidential Information to a receiving party's proposed expert or consultant, the receiving party shall obtain from such proposed expert or consultant a signed Confidentiality Agreement in the form attached as Exhibit A.

9. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in a form agreed to by counsel.

10. Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

11. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

12. In the event that any party wishes to submit Confidential Information to the Court, such Confidential Information shall be filed under seal.

**No Prejudice.**

13. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

14.     Upon written request by the producing party after final judgment in this action, including the exhaustion of all appeals, or after dismissal pursuant to a settlement agreement, a receiving party or other person subject to the terms of this Protective Order shall destroy or return to the producing party all materials and documents containing Confidential Information, and certify to the producing party such destruction or return.  However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

15.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

16.     Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

    **IT IS SO ORDERED.**

Dated this 12th day of July 2012.

                                        s/Robert H. Cleland                              
                                        Honorable Robert H. Cleland

**Submitted and Agreed To:**


*/s/ Randall J. Gillary*
Randall J. Gillary
Kevin P. Albus
Randall J. Gillary, P.C.
201 W. Big Beaver Road, Suite 1020
Troy, MI 48084
Telephone:  (248) 528-0440
Email: rgillary@gillarylaw.com
           kalbus@gillarylaw.com

*Attorneys for Plaintiff*


*/s/ Daniel J. Ferris*
Patrick McLain (P25458)
Daniel J. Ferris (P69633)
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Fax: (313) 961-0388
Email: pmclain@kerr-russell.com
           dferris@kerr-russell.com


*/s/ Allan V. Hallquist*
Allan V. Hallquist
Michael T. Crabb
Husch Blackwell LLP
Suite 1000
Kansas City, MO  64112
Telephone:  (816) 983-8080
Email: allan.hallquist@huschblackwell.com
           mike.crabb@huschblackwell.com

*Attorneys for Defendants*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALEXANDER ASSOCIATES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:12-CV-10226 |
| | ) | Honorable Robert H. Cleland |
| **WHIRLAWAY CORP.,** | ) | Magistrate Judge Mona K. Majzoub |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I HEREBY AFFIRM THAT:

INFORMATION, INCLUDING DOCUMENTS AND THINGS, DESIGNATED AS "CONFIDENTIAL INFORMATION," AS DEFINED IN THE PROTECTIVE ORDER ENTERED IN THE ABOVE-CAPTIONED ACTION (HEREINAFTER "PROTECTIVE ORDER"), IS BEING PROVIDED TO ME PURSUANT TO THE TERMS AND RESTRICTIONS OF THE PROTECTIVE ORDER.

I HAVE BEEN GIVEN A COPY OF AND HAVE READ THE PROTECTIVE ORDER.

I AM FAMILIAR WITH THE TERMS OF THE PROTECTIVE ORDER, AND I AGREE TO COMPLY WITH AND TO BE BOUND BY SUCH TERMS.

I SUBMIT TO THE JURISDICTION OF THIS COURT FOR ENFORCEMENT OF THE PROTECTIVE ORDER.

I AGREE NOT TO USE ANY CONFIDENTIAL INFORMATION DISCLOSED TO ME PURSUANT TO THE PROTECTIVE ORDER EXCEPT FOR PURPOSES OF THE ABOVE-CAPTIONED LITIGATION AND NOT TO DISCLOSE ANY SUCH INFORMATION TO PERSONS OTHER THAN THOSE SPECIFICALLY AUTHORIZED BY SAID PROTECTIVE ORDER, WITHOUT THE EXPRESS WRITTEN CONSENT OF THE PARTY WHO DESIGNATED SUCH INFORMATION AS CONFIDENTIAL OR BY ORDER OF THIS COURT. I ALSO AGREE TO NOTIFY ANY STENOGRAPHIC, CLERICAL OR TECHNICAL PERSONNEL WHO ARE REQUIRED TO ASSIST ME OF THE TERMS OF THIS PROTECTIVE ORDER AND OF ITS BINDING EFFECT ON THEM AND ME.

I UNDERSTAND THAT I AM TO RETAIN ALL DOCUMENTS OR MATERIALS DESIGNATED AS OR CONTAINING CONFIDENTIAL INFORMATION IN A SECURE MANNER, AND THAT ALL SUCH DOCUMENTS AND MATERIALS ARE TO REMAIN IN MY PERSONAL CUSTODY UNTIL THE COMPLETION OF MY ASSIGNED DUTIES IN THIS MATTER, WHEREUPON ALL SUCH DOCUMENTS AND MATERIALS, INCLUDING ALL COPIES THEREOF, AND ANY WRITINGS PREPARED BY ME CONTAINING ANY CONFIDENTIAL INFORMATION ARE TO BE RETURNED TO COUNSEL WHO PROVIDED ME WITH SUCH DOCUMENTS AND MATERIALS.

SIGNED: _____

PRINT NAME: _____

DATED: _____